# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**RAYMOND BULLETTE, III,**

*Petitioner*,

v.

**UNITED STATES OF AMERICA,**

*Respondent*.

Criminal No. RWT-13-0525
Civil No. RWT-17-3284

## MEMORANDUM OPINION

Now pending before the Court are Petitioner's (1) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") (ECF No. 261), (2) Motion to Amend the Filed 28 U.S.C. § 2255 Petition Pursuant to Federal Rule of Civil Procedure Rule 15/Rule 12 Rules Governing Section 2255 Proceedings ("Motion to Amend") (ECF No. 268), (3) Motion for Summary Judgment and Dismissal of the Government's Original and/or Superseding Indictment ("Motion for Summary Judgment") (ECF No. 281), (4) Motion to Compel Production of Documents ("Motion to Compel") (ECF No. 288), (5) Motion to Dismiss the Indictment ("Motion to Dismiss") (ECF No. 289), and (6) Second Motion Seeking Leave to Amend ("Second Motion to Amend") (ECF No. 290). For the reasons discussed below, the Court will deny all of the aforementioned Motions.

## I.  Background Facts

On December 2, 2013, the grand jury returned a Superseding Indictment, charging Petitioner with conspiracy to distribute and possess with intent to distribute 1,000 grams or more of phencyclidine ("PCP"), a Schedule II substance, in violation of 21 U.S.C. § 846. ECF No. 17. Petitioner was arrested on or about December 6, 2013. ECF No. 276 at 1. Petitioner had his

initial appearance on January 30, 2014. ECF No. 44. On February 6, 2014, the Court appointed Marc Hall ("Mr. Hall") as defense counsel for Petitioner. ECF No. 50.

The Government asserts through its Response in Opposition to Petitioner's Motion to Vacate and Motion to Amend ("Response") and through an attached Affidavit of Mr. Hall, that on February 20, 2014, Mr. Hall and Petitioner attended a reverse proffer session at the United States Attorney's Office in Greenbelt, Maryland, at which the Government summarized its evidence against Petitioner and reviewed with him his criminal record, which included two or more prior felony drug offenses, and discussed the possibility of an enhanced sentence pursuant to 21 U.S.C. § 851. ECF No. 276 (citing ECF No. 277, Attach. 1, Ex. 1 ¶ 3). At his arraignment on March 11, 2014, Petitioner pleaded not guilty to the charge against him. ECF No. 54.

Subsequent to his arraignment, Petitioner, through counsel, filed (1) a Motion to Adopt and Join in Motions of Codefendants (ECF No. 58), which in effect joined Petitioner in co-defendant Gary Antonio Green's motion to suppress evidence (ECF No. 15), (2) a separate Motion to Suppress Evidence ("Motion to Suppress"), challenging the warrant authorizing a search of Petitioner's residence in California as well as an allegedly warrantless search of a drug lab and Petitioner's vehicle in Palmdale, California (ECF No. 59), and (3) a Motion for 404(b) Disclosure ("Motion for Disclosure"), requesting the Government to disclose of any evidence of other crimes, wrongs, or acts the Government intended to introduce at trial (ECF No. 60). A hearing on those motions was held on August 4, 2014. ECF No. 72. For the reasons stated at the hearing, the Court, by order on August 5, 2014, denied as moot Green's motion to suppress, denied Petitioner's Motion to Suppress, and denied as moot Petitioner's Motion for Disclosure. ECF No. 76.

The next day, August 6, 2014, the Government sent Petitioner's counsel an email with notice that the Government would file notices of Petitioner's five prior drug felony convictions to seek an enhanced sentence pursuant 21 U.S.C. § 851 if the parties did not start actively engaging in plea negotiations. ECF No. 276 at 2 (citing Attach 1, Ex. 2 at 3). Petitioner's counsel responded that he would like to receive a plea offer to review with Petitioner, which the Government sent the next day. *Id.* Mr. Hall attests that he visited Petitioner on August 13, 2014 and reviewed with him both the plea offer and the draft § 851 notice and its sentencing implications. *Id.* Petitioner rejected the plea offer. *Id.*

On September 8, 2014, the Government filed a Notice/Information Pursuant to 21 U.S.C. § 851 of Government's Intent to Seek Enhanced Penalties Under 21 U.S.C. § 841(b)(1)(A) ("§ 851 Notice"), informing the parties of the Government's intention to seek enhanced penalties based on Petitioner's conviction of five prior drug felonies and the quantity of PCP listed in the Superseding Indictment. ECF No. 87. Before trial, Petitioner's counsel and the Government filed joint *voir dire* and jury instructions. ECF Nos. 95, 96. The Court proposed changes to the jury instructions, ECF No. 96, which were finalized on October 14, 2014, ECF No. 106. Petitioner's case then proceeded to trial on October 9 through October 15, 2014. ECF Nos. 103, 105, 108, 109. On October 15, 2018, the jury returned a verdict of guilty. ECF No. 114.

Before sentencing, Petitioner's counsel filed an Opposition to the Government's § 851 Notice ("Opposition to § 851 Notice"). ECF No. 117. Also before sentencing, an attorney inquiry hearing was undertaken regarding Mr. Hall, who ultimately withdrew as counsel for Petitioner. ECF Nos. 124, 126. Michael Lawlor ("Mr. Lawlor") was appointed to represent Petitioner during sentencing, and then again on appeal. ECF Nos. 127, 193.

On January 7, 2015, Petitioner filed a *pro se* Motion for New Trial, asserting that after the trial he learned from a co-defendant that a key witness against him "committed perjury and falsely testified" during his trial. ECF No. 149. In light of this new evidence, and because his counsel allegedly failed to follow up on this exculpatory evidence, Petitioner argued he should receive a new trial. *Id.* At sentencing, Petitioner consented to withdrawing his Motion for New Trial. ECF No. 276 at 3 (citing Tr. of Sentencing Hr'g 7:14–17, ECF No. 200).

On June 15, 2015, the Court sentenced Petitioner to life imprisonment, the mandatory minimum resulting from the enhanced sentence under 21 U.S.C. § 841(b)(1)(A) pursuant to 21 U.S.C. § 851. ECF No. 189. At the sentencing hearing, Mr. Lawlor challenged the sentence enhancement, arguing that there was insufficient evidence of the PCP weight at trial, renewed the challenges to the validity of the search of Petitioner's vehicle, and argued that application of the gun enhancement was improper. ECF No. 276 at 3 (citing ECF No. 200 at 5:7–21). The Court asked Petitioner's counsel whether he wished to be heard on the issue of whether the Government gave him sufficient notice under § 851, but counsel decided to rest on the arguments made in his predecessor's Opposition to § 851 Notice and declined to add anything. *Id.* at 3–4 (citing ECF No. 200 at 7:25–8:1). The Court ultimately found that the Government provided Petitioner with sufficient notice under § 851. *Id.* at 4 (citing ECF No. 200 at 11:14–17).

Petitioner appealed the judgment against him to the Fourth Circuit. ECF No. 187. His appeal argued that the Court erred in (1) admitting evidence of Petitioner's conduct in California, including the evidence found during the search of Petitioner's vehicle, and (2) applying a mandatory minimum life imprisonment sentence without first submitting Petitioner's prior convictions to a jury for a finding of fact. *Id.*; Br. of Appellant, *United States v. Bullette*, No. 15-4408 (Dec. 28, 2015). On April 20, 2017, the Fourth Circuit affirmed the Court's denial

4

of Petitioner's Motion to Suppress Petitioner's California-based conduct. *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017). The Fourth Circuit also found that Petitioner had conceded that the Government was not required to submit to a jury his prior convictions for a finding of fact beyond a reasonable doubt before subjecting Petitioner to a mandatory minimum sentence. *Id.* at 264 n.2.

On November 6, 2017, Petitioner timely filed his Motion to Vacate. ECF No. 261. On November 29, 2017, the Court issued an order directing the Government to respond. ECF No. 265. Before the Government responded, Petitioner filed his supplemental Motion to Amend on December 28, 2017. ECF No. 268. The Government ultimately responded, after a number of permitted time extensions by the Court, on March 9, 2018. ECF No. 276. On April 9, 2018, Petitioner filed his Motion for Summary Judgment. ECF No. 281. According to Petitioner's correspondence with the Court on June 18, 2018, Petitioner had filed his Motion to Compel, ECF No. 288, in May 2018, *see* ECF No. 286, although the motion was not docketed until June 18, 2018. The Court received Petitioner's Motion to Dismiss, ECF No. 289, and Second Motion to Amend, ECF No. 290, also on June 18, 2018.

Petitioner also filed a correspondence titled Petitioner's Pleading of Ex Parte Violation Between United States Prosecutor and District Court ("Pleading of Ex Parte Violation"), asserting that the Government allegedly had never served on Petitioner a copy of the Government's Response, in violation of the rule against *ex parte* communications. ECF No. 287. This is belied by the certificate of service appended to the Government's Response. ECF No. 276 at 19. Most recently, Petitioner filed a petition for writ of mandamus in the Fourth Circuit, asking for the Fourth Circuit to direct the undersigned either to compel the United States Attorney to serve Petitioner with a complete and true copy of ECF No. 276 along with an

admission that the document had not been timely served on Petitioner or to recuse himself. *In re Raymond Bullette, III*, No. 18-1801 (4th Cir. July 16, 2018), ECF No. 2. The Court will now address and dispose of all of the pending motions.

## II. Analysis

The Court will first address Petitioner's Motion to Vacate and Motion to Amend, and then it will dispose of the remaining motions.

### A. Motion to Vacate and Motion to Amend

In his Motion to Vacate and supplemental Motion to Amend,[1] Petitioner asserts twelve grounds for vacating his sentence, some of which are interrelated and substantively repetitive: (1) the Court erred in failing to explain to the jury for which purpose it may consider evidence of Petitioner's California-based conduct; (2) the Court erred in instructing the jury on definitions related to "manufacturing" PCP when those allegations were not included in the Superseding Indictment; (3) the Court erred in permitting the jury to hear evidence of multiple conspiracies even though Petitioner was charged with only one; (4) the Court erred in admitting evidence of the California manufacturing operation; (5) the Government failed to give Petitioner adequate notice of its intent to use Rule 404(b) evidence; (6) trial counsel provided ineffective assistance; (7) Petitioner was innocent of and did not have a chance to defend himself against the California manufacturing conduct; (8) the Court erred by considering substantially increased drug quantities and evidence of a gun, which were based on the California conduct; (9) appellate counsel provided ineffective assistance of counsel; (10) the Court erred in admitting evidence of the California-based conduct, which impermissibly joined offenses committed in two different jurisdictions; (11) all of the preceding grounds had the cumulative effect of violating Petitioner's

---

[1] Although the title of the document is "Motion to Amend," the Court will treat it as a supplement to Petitioner's timely filed Motion to Vacate as the Government does not address it separately or as a motion for leave to amend.

6

due process rights; and (12) trial counsel failed to inform Petitioner of the Government's advance notice to seek enhanced penalties under § 851. ECF No. 261 at 5b–5c; ECF No. 268 at 2.

For ease of analysis, the Court will follow the Government's example and address the above grounds in three groups: (1) the grounds dealing with evidence of Petitioner's California-based conduct (Grounds 1, 2, 3, 4, 5, 7, 8, 10); (2) grounds dealing with ineffective assistance of counsel (Grounds 6, 9, 12); and (3) grounds dealing with the cumulative effect of the allegations (Ground 11).

To prevail on a § 2255 motion, a petitioner must prove by a preponderance of the evidence that "[his] sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Collateral attack is not a substitute for direct appeal; therefore the failure to raise certain issues on direct appeal may render them procedurally defaulted on habeas review. *United States v. Frady*, 456 U.S. 152, 165 (1982). Issues fully litigated on direct appeal cannot be raised on collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Fourth Amendment exclusionary rule claims, specifically, are cognizable only if there has been no opportunity for full and fair litigation of the claim. *Stone v. Powell*, 428 U.S. 465, 494–95 (1976). Similarly, a petitioner cannot challenge a sentencing enhancement that is based on a facially-valid prior conviction. *Custis v. United States*, 511 U.S. 485, 496–97 (1994). If the

7

§ 2255 motion, along with the files and records of the case, "conclusively show that [the petitioner] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255; *Miller*, 261 F.2d at 547. *Pro se* petitions are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

1. **Petitioner's Grounds Dealing with Petitioner's California-Based Conduct Are Not Cognizable Claims.**

All of Petitioner's grounds dealing with his California-based conduct (Grounds 1, 2, 3, 4, 5, 7, 8, 10) are not cognizable under collateral review because either the issue was fully litigated on appeal or the issue is procedurally defaulted.

As stated above, claims not raised on direct appeal are procedurally defaulted on habeas review because collateral attack is not a substitute for appeal. *Frady*, 456 U.S. at 165. For constitutional claims, a petitioner may surmount procedural default if he can demonstrate both cause and prejudice, or actual innocence. *See United States v. Pettiford*, 612 F.3d 270, 275 (4th Cir. 2010); *see also Bousely v. United States*, 523 U.S. 614, 621 (1998). For a non-constitutional claim, petitioner must also prove "a fundamental defect which inherently resulted in a complete miscarriage of justice." *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999).

Cause "turn[s] on whether the prisoner can show that some objective factor external to the defense" impeded compliance with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Furthermore, a defendant can only establish actual prejudice when "the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray*, 477 U.S. at 494). If cause and prejudice are not demonstrated, Petitioner may only overcome procedural default by establishing "actual innocence" meaning "factual innocence, not

mere legal insufficiency." *Bousley*, 523 U.S. at 615. For the Court to entertain the collateral attack, a petitioner must press beyond mere declarations and prove innocence "by clear and convincing evidence." *Mikalajunas*, 186 F.3d at 493.

Here, Petitioner's asserted grounds dealing with evidence of his California-based conduct are primarily premised on Petitioner's recurrent argument: the Government lacked sufficient evidence to convict Petitioner solely based on his Maryland-based conduct, so, to overcome that lack of evidence, the California-based conduct was impermissibly admitted, having the effect of expanding the scope of the Superseding Indictment and convicting him of elements of crimes not stated therein. *See generally* ECF Nos. 261-1, 261-2. The issue of the admissibility of the California-based evidence, however, was fully litigated both at the trial and appellate levels. Petitioner's Motion to Suppress sought to exclude both the evidence obtained from his California residence as well as from his vehicle and the California drug lab. ECF No. 59. The Court held a hearing on the Motion to Suppress and, after oral argument, denied the Motion. ECF No. 72. Petitioner's appellate counsel then appealed the Court's denial of the Motion to Suppress, which the Fourth Circuit affirmed in a published opinion. *United States v. Bullette*, 854 F.3d 261 (4th Cir. 2017). Petitioner, therefore, not only fully litigated the issue on direct appeal, he fully litigated the issue, a Fourth Amendment claim, at the trial level as well. Accordingly, to the extent that Grounds 1, 2, 3, 4, 5, 7, 8, and 10 are premised on challenges to the admissibility of the California-based evidence, those claims are not cognizable on collateral review. *See Boeckenhaupt*, 537 F.2d at 1183; *Stone*, 428 U.S. at 494–95.

To the extent that Grounds 1, 2, 3, 4, 5, 7, 8, and 10 are premised on other issues related to the California-based evidence—for example, Petitioner argues that the Court erred in not properly instructing the jury on how they should consider the California-based evidence, *see*

ECF No. 261-1 at 5—those issues are procedurally defaulted because they were not raised on appeal. *See Frady*, 456 U.S. at 165. Most of the grounds are not constitutional or jurisdictional in nature, and Petitioner has not met his burden to show that any of the challenges raised were "a fundamental defect which inherently resulted in a complete miscarriage of justice." *Mikalajunas*, 186 F.3d at 492–93. Even if the grounds are viewed as a violation of due process and thus rise to the level of a constitutional claim, Petitioner provides no justification for failing to raise any of these claims on direct appeal. He presents no external factor that impeded him from doing so.

Moreover, Petitioner cannot show actual prejudice. In his repeated arguments that there was insufficient evidence to convict him without the California-based conduct, Petitioner ignores the Maryland-based evidence presented against him, which likely was enough to convict him on its own, including evidence that Petitioner's co-defendants made 163 separate cash transactions over a one-year period, totaling $781,280.00, into accounts solely controlled by Petitioner at banks in Prince George's County, Maryland and from which Petitioner made 95 cash withdrawals during that time from various banks, including some in California. ECF No. 276 at 14–15. Lastly, although Petitioner claims actual innocence of the California conduct in Ground 7, such claim is irrelevant to the conviction he challenges here in addition to the fact that he presents no argument or evidence to prove his innocence by clear and convincing evidence. *See Mikalajunas*, 186 F.3d at 493.

Therefore, because Petitioner has not established a fundamental defect which inherently resulted in a complete miscarriage of justice, or the cause, prejudice, or actual innocence required to overcome his procedural default, Grounds 1, 2, 3, 4, 5, 7, 8, and 10 are procedurally barred even if they were not fully litigated on appeal.

## 2. Petitioner's Ineffective Assistance of Counsel Claims Lack Merit.

Petitioner brings three ineffective assistance of counsel claims, two against his trial counsel (Grounds 6, 12), and one against his appellate counsel (Ground 9). All three claims lack legal merit.

Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on an ineffective assistance claim, a petitioner must show: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered actual prejudice. *Strickland*, 466 U.S. at 687. Under the performance prong, the alleged deficiency must be objectively unreasonable and "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 689. The Court must evaluate the conduct at issue from counsel's perspective at the time, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under the prejudice prong, a defendant must show that the deficient performance prejudiced the defense, and but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687, 694. Unless a defendant makes both showings, the Court cannot find that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* at 687. Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

***Ground 6.*** In Ground 6, Petitioner asserts that his trial counsel rendered ineffective assistance of counsel in a number of ways, including that trial counsel failed to (a) object to or

11

move to strike the admission of the California-based physical evidence, (b) object to the admission of Government witness testimony associated only with the California investigation, (c) file a "Second Motion for Disclosure of 404(b)" evidence at the beginning of trial, (d) file a motion to preclude the Government from entering evidence beyond the scope of the grand jury's findings, (e) object to the introduction of multiple conspiracies that resulted in a variance with the Superseding Indictment, (f) request specific jury instructions on the constructively broadened Indictment, (g) request a Pinkerton jury instruction, (h) object to the Government's reference to Petitioner's "manufacturing" of PCP where Petitioner was only charged with "distribution," (i) object to testimony referencing Petitioner's involvement in the investigation of PCP manufacturing and distribution in California, (j) request a curative jury instruction regarding the impermissible witness testimony, and (k) object to the Court's consideration of conduct beyond the scope of the Indictment. ECF No. 261-2 at 10–39.

The Court need not address each individual alleged deficiency to conclude that Petitioner fails under *Strickland*. Assuming that any of the alleged deficiencies are enough to meet Petitioner's burden under the performance prong,[2] Petitioner fails on all accounts to meet his burden under the prejudice prong. Petitioner states in conclusory fashion that "prejudice is presumed" in a case such as this one, "where the government lacked sufficient evidence to substain [sic] a valid conviction from the evidence adduced in the federal investigation in the State of Maryland." ECF No. 261-2 at 8. In making his argument, Petitioner ignores, as was already highlighted above and by the Government, *see* ECF No. 276 at 14–15, that the Maryland-based evidence presented against him at trial would have likely been enough on its own to convict Petitioner of the conspiracy to distribute and possess with intent to distribute charge. Therefore, Petitioner cannot show that there is a reasonable probability that the result of

---
[2] The Court refrains from making such a finding at this time.

12

the proceeding would have been different had any of the alleged deficiencies been corrected. *See Strickland*, 466 U.S. at 687, 694. Accordingly, Ground 6 lacks merit under *Strickland*.

***Ground 12.*** In Ground 12, Petitioner asserts that trial counsel failed to notify him of the Government's intention to seek an enhanced sentence pursuant to § 851 before trial and to advise him that he would face a life sentence if he were to be convicted by a jury. ECF No. 268 at 2–3. Had he known this, Petitioner claims, he would have accepted a plea offer. *Id.* at 5. The record in this case, as noted by the Government, contravenes Petitioner's position. First, the Government has submitted an Affidavit by Mr. Hall as well as email correspondences that attest that (1) Mr. Hall and Petitioner attended a reverse proffer on February 20, 2014, at which the Government informed them that they would seek an enhanced sentenced based on Petitioner's prior drug convictions should he be convicted by a jury, (2) Mr. Hall met with Petitioner on August 14, 2014 to review the plea offer made by the Government, which included a waiver of the § 851 enhancement, and the Government's draft § 851 notice and its sentencing implications sent via email to Mr. Hall, and to address any of Petitioner's questions, and (3) Mr. Hall communicated to Petitioner the Government's § 851 Notice, filed on September 8, 2014. ECF No. 277.

Additionally, in response to the Government's § 851 Notice, Mr. Hall filed an Opposition, arguing that the Government's notice was insufficient. ECF No. 117. Mr. Lawlor raised the issue of the adequacy of the notice again at Petitioner's sentencing, at which time the Court found the § 851 Notice to be sufficient. ECF No. 200 at 7:21–11:17. Based on the foregoing, Petitioner's own statements to the contrary are not enough to overcome "the strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance," and that counsel's conduct was objectively unreasonable. Accordingly, Petitioner's claim lacks merit under *Strickland*.

***Ground 9.*** In Ground 9, Petitioner claims that his appellate counsel provided ineffective assistance of counsel by failing to appeal the issue of whether the California-based evidence constructively broadened the Superseding Indictment. *See* ECF No. 261-2 at 47. The "right to effective assistance of counsel extends to require such assistance on direct appeal." *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014) (quoting *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (en banc)). "Effective assistance of appellate counsel 'does not require the presentation of all issues on appeal that may have merit.'" *Id.* at 828–29 (quoting *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008)). Instead, the Court presumes that appellate counsel "decided which issues were most likely to afford relief on appeal." *Id.* at 828. "[O]nly when ignored issues are clearly stronger than those presented," should the Court find Petitioner's appellate counsel ineffective for failing to raise those claims. *Id.* at 829 (citing *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

Here, Petitioner cannot show that the issue of whether the Superseding Indictment was constructively broadened was "clearly stronger" than the issues presented on appeal. Petitioner's appellate counsel raised the issue of the admissibility of the California-based evidence, which was the source of much of the incriminating evidence presented against Petitioner, as well as the challenges he now brings, including his argument about the broadened Superseding Indictment. It was well within the scope of reasonable strategy for Petitioner's appellate counsel to do so.

Moreover, such an argument likely would not have prevailed on appeal. Not all variances between the evidence presented at trial and an indictment rise to the level of a constructive amendment of the indictment. *United States v. Redd*, 161 F.3d 793, 795 (4th Cir.

1998). A constructive amendment only occurs when a variance in the indictment prejudices a defendant, that is "when the variance either 'surpris[es the defendant] at trial and hinder[s] the preparation of his defense, or . . . expos[es] him to the danger of a second prosecution for the same offense." *Id.* (alterations in original) (quoting *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996)). Ultimately, a variance will not prejudice a defendant "as long as the indictment provides the defendant with adequate notice of the charges against him and is sufficient to allow the defendant to plead it as a bar to subsequent prosecutions." *Id.* at 795–96 (citations omitted).

Petitioner in this case had sufficient notice of the charge against him and that the Government planned to use the California-based evidence against him. Furthermore, the SupersedingIndictment was sufficient to allow him to plead it as a bar to subsequent prosecutions of the same offense. This is readily seen here as the California case against Petitioner did not go forward. ECF No. 276 at 17. Moreover, as the Government points out, the issue of a fatal variance with an indictment is a reversible error *per se*, and thus the Fourth Circuit was entitled to address the issue on its own, even without prompting by appellate counsel. *Id.* at 17–18 (citing *Fletcher*, 74 F.3d at 53; *United States v. Cotton*, 261 F.3d 397, 405–06 (4th Cir. 2001), *overruled on other grounds by* 535 U.S. 625 (2002)). Accordingly, even if the decision made by Petitioner's appellate counsel was not within the broad range of reasonable strategy, Petitioner was not prejudiced by the alleged deficiency, and thus his claim lacks merit under *Strickland*.

### 3. Petitioner's Cumulative Ground 11 Lacks Merit.

In Ground 11, Petitioner asserts that the cumulative effect of Grounds 1 through 10 was such that his right to due process was violated. All of the those grounds, however, as laid out above, are either not cognizable under collateral review or lack merit. Restating those claims

15

now under the heading of a due process violation does not save those individual claims nor creates a new claim that is cognizable or meritorious. Accordingly, Ground 11 lacks merit.

For the foregoing reasons, the Court will deny Petitioner's Motion to Vacate and supplemental Motion to Amend.

### B. Other Pending Motions

For the reasons outlined below, the Court will deny Petitioner's remaining pending motions because they too lack merit. Before addressing each motion individually, the Court will address a repeated issue raised by Petitioner in each of his subsequent motions as well as in his Pleading of Ex Parte Violation and petition for writ of mandamus.

Petitioner alleges multiple times that the Government failed to serve on him the Government's Response to his Motion to Vacate and Motion to Amend. Because of this failure, Petitioner asserts that the Court should accordingly take certain actions, including sanctioning the Government, *see* ECF No. 281 at 3, compelling the Government to send Petitioner a copy of its Response, *see* ECF No. 288 at 2, and dismissing the Superseding Indictment, *see* ECF No. 289. Petitioner's arguments, however, are unavailing based on the record in this case.

Attached to the Government's Response is a valid Certificate of Service, which states that a copy of the Response was sent via first-class mail to Petitioner at the exact address that the Court has on file for Petitioner and from which Petitioner has sent all of his post-conviction filings. ECF No. 276 at 19. Federal Rule of Civil Procedure 5(b), in pertinent part, states that "[a] paper is served under this rule by . . . mailing to the person's last known address—in which event service is complete upon mailing." "Because service is complete upon mailing, non-receipt of the [paper] does not affect the validity of service." *United States v. Wright*, 238 F.3d 418, at *2 (4th Cir. 2000) (unpublished table decision) (citation omitted). A valid

16

certificate of service carries a presumption that the document in question was actually mailed. *Id.* at *3 (citing Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1150 at 436–37 (1987 & Supp. 2000)). In this case, the record reflects that the Government served Petitioner with its Response, regardless of whether Petitioner received it, and therefore there are no grounds to sanction the Government or take any other action based on the alleged failure to effect service.

Furthermore, Petitioner's alleged lack of receipt of the Government's Response in and of itself does not require that the Court disregard the Response, dismiss the Superseding Indictment, or delay its disposition on the merits of any of Petitioner's pending motions. Petitioner's own filings reflect that Petitioner knew that the Government had filed a Response to his Motion to Vacate and Motion to Amend. In his Pleadings of Ex Parte Violation, Petitioner makes explicit reference to the Government's Response filed at ECF Nos. 276 and 277. ECF No. 287 at 1. Rather than request copies of those documents from the Office of the Clerk of the Court or from the Government, as was his right to do, Petitioner chose instead to file motions and pleadings expressing his outrage over the alleged lack of service and to ask the Court to take action. *See* ECF Nos. 281, 286, 287, 288, 289, 290. For instance, in a correspondence filed by Petitioner titled Letter of Inquiry, ECF No. 286, Petitioner writes to the Clerk of Court and the Government stating that he "has not received any filing done on behalf of the Plaintiff (Gov't) as your docket sheet shows. Neither the Plaintiff nor your office has met the statutory duty to ensure proper serving of all motions upon the other party." ECF No. 286 at 1. Despite this allegation, Petitioner did not ask the Clerk or the Government to mail a copy of the Response; he only asks that a "true copy of the *docket sheet* for this action" be returned. *Id.* at 2 (emphasis added). Petitioner cannot expect to receive that for which he does not ask, and, under all the

circumstances described above, his allegations of non-receipt of the Government's Response are not credible.

Because Petitioner's alleged non-receipt of the Government's Response is not credible and does not provide excuse or justification for the Court to alter its analysis of the Motion to Vacate and Motion to Amend, the Court will proceed to dispose of the remaining motions on their merits.

*Motion for Summary Judgment*. In his Motion for Summary Judgment, Petitioner asks the Court to dismiss the Superseding Indictment pursuant to Federal Rule of Civil Procedure 56, asserting that because the Government failed to respond to his Motion to Vacate and Motion to Amend the Government "has implicitly conceded his position." ECF No. 281 at 2. For the reasons discussed above, Petitioner's argument is not factually credible and fails as a procedural matter. It also fails as a substantive matter because, under the standard for summary judgment, a moving party may only prevail if he or she is entitled to judgment as a matter of law. *See Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006). For the reasons stated in Section II.A, Petitioner's Motion to Vacate and Motion to Amend lack merit and thus do not entitle him to a judgment as a matter of law. Accordingly, the Court will deny the Motion for Summary Judgment.

*Motion to Compel*. In his Motion to Compel, Petitioner asserts that the Government has failed to serve on him its Response, and he asks the Court to compel the Government to effect service. ECF No. 288 at 2. Because service has already been effected, as discussed above, Petitioner's argument fails, and the Court will accordingly deny the Motion to Compel.

***Motion to Dismiss.*** In his Motion to Dismiss, Petitioner asks the Court to dismiss the Superseding Indictment based on the Government's failure to effect service. ECF No. 289.[3] Because Petitioner has no grounds to dismiss the Indictment, in addition to the reasons discussed above, Petitioner's argument fails, and the Court will accordingly deny the Motion to Dismiss.

***Second Motion to Amend.*** In his Second Motion to Amend, Petitioner asks the Court for leave to amend his Motion to Vacate because "Petitioner has found numerous other valid claims to be presented along with recent Supreme Court authority which enhances his positions." ECF No. 290 at 1. Petitioner neither states what those additional valid claims are nor identifies which recent Supreme Court authority he references.

Federal Rule of Civil Procedure 15 governs requests to amend a § 2255 motion. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Under Rule 15(a), a party may amend a pleading to which a responsive pleading is required "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A court "should freely give leave [to amend] when justice so requires." *Id.* "In fact, such leave 'should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962). In this instance, Petitioner has not provided any indication as to the substance of his desired amendment. Without more, the Court cannot but conclude that permitting an amendment would be futile. Accordingly, the Court will deny the Second Motion to Amend.

---

[3] It appears that the intended page 2 of ECF No. 289 was mistakenly filed as page 2 of ECF No. 290; and page 2 of ECF No. 290 was mistakenly filed as page 2 of ECF No. 289.

### III. Certificate of Appealability

Petitioner may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009). The Court has assessed Petitioner's Motion to Vacate and Motion to Amend and finds that no reasonable jurist could find merit in any of the asserted claims. Accordingly, no certificate of appealability shall issue.

### IV. Conclusion

Based on the foregoing, the Court finds that Petitioner's Motion to Vacate and Motion to Amend, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," and, as such, will deny both Motions. *See* 28 U.S.C. § 2255; *Miller*, 261 F.2d at 547. Additionally, the Court will deny Petitioner's Motion for Summary Judgment, Motion to Compel, Motion to Dismiss, and Second Motion to Amend. A separate order will follow.

DATE: August 9, 2018             /s/
                                          ROGER W. TITUS
                                          UNITED STATES DISTRICT JUDGE