```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
|  | : |
| v. | : Criminal No. DKC 13-CR-00525-003 |
|  |   Civil Action No. DKC 17-3284 |
| RAYMOND BULLETTE, III | : |
|  | : |

**MEMORANDUM OPINION and ORDER**

Presently pending and ready for resolution in this proceeding pursuant to 28 U.S.C. § 2255 is a motion for reconsideration. (ECF No. 308). For the following reasons, the motion will be denied.

**I.  Background**

Raymond Bullette, III, Petitioner, was charged in a Superseding Indictment with conspiracy to distribute and possess with intent to distribute 1,000 grams or more of phencyclidine ("PCP"), a Schedule II substance, in violation of 21 U.S.C. § 846. He went to trial before a jury in October 2014, and was found guilty. The Government had filed a notice pursuant to 21 U.S.C. § 851 of its intent to seek an enhanced penalty. On June 15, 2015, Judge Roger W. Titus sentenced Petitioner to life imprisonment, the mandatory minimum. The United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction on direct appeal. He timely filed a motion to vacate on November 6, 2017. (ECF No. 261). After additional motions and responses were filed, Judge

Titus denied the motion on August 9, 2018. (ECF No. 297). Judge Titus also declined to grant a certificate of appealability. After receiving extensions of time to file a motion for reconsideration, Petitioner filed a motion on November 13, 2018, entitled "Pleading to Reinstate § 2255 Proceedings and to Allow for Timely Requested Amendment to the Petition for Clear Violation of 21 U.S.C. § 851(b), Ineffective Assistance of Counsel Claims which Attach." (ECF No. 306). Judge Titus treated the motion as the contemplated motion for reconsideration, and denied it on December 11, 2018. (ECF No. 307). The court then received the pending motion for reconsideration on December 18, 2018, but it had been signed on December 6, 2018, before Judge Titus had ruled on the earlier motion. (ECF No. 308). The two papers obviously crossed in the mail. Thereafter, Petitioner filed a Certificate of Appealability, which was construed as a notice of appeal, on December 31, 2018. (ECF No. 309). In the Fourth Circuit, he has filed an informal brief, seeking review of the issue he raised in the motion to reinstate § 2255 proceedings (which Judge Titus treated as motion for reconsideration).

Judge Titus passed away in March 2019, and the case was transferred to the undersigned. On May 30, 2019, the Fourth Circuit remanded the case for the limited purpose of permitting action on the motion for reconsideration. (ECF No. 314). The United States Attorney was then directed to respond, which it did

on August 30, 2019.  (ECF No. 323).  Petitioner then filed a reply. (ECF No. 328).

## II. Standard of Review

Petitioner seeks relief pursuant to Fed.R.Civ.P. 59(e), to alter or amend the judgment.[1]  A Fed.R.Civ.P. 59(e) motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 411 (4th Cir. 2010).  "[M]ere disagreement [with the outcome of a case] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)." (quoting 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1998).  It is not permissible to use a post-judgment motion as the functional equivalent of a successive § 2255 application. *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003).

---

[1] The motion was filed well outside the 28-day time limit for such motions, but Judge Titus had granted extensions of time, finally up to December 20, 2018.  These extensions might not have been proper.  See Fed.R.Civ.P. 6 (b)(2).  If not timely under Rule 59, the motion can be considered under Rule 60.

**III. Analysis**

The many motions, responses, and rulings in the time after Petitioner's direct appeal present quite a labyrinth to navigate. Petitioner appears to contend that Judge Titus and the Government misconstrued or overlooked some of his submissions in ways that prejudiced consideration of the issues. He also has claimed that he did not receive, at least in a timely fashion, the Government's response to his § 2255 motion. And, he claims that he sought to file papers that are not in the court file.

The pending motion for reconsideration purported to raise four issues: (1) whether Petitioner received the Government's response, (2) whether Judge Titus erred in resolving the question of cause and prejudice for procedural default, (3) whether counsel was ineffective regarding evidentiary objections and other trial errors, and (4) whether the § 851 notice was sufficient and errors in the resulting sentencing. The Government responded, setting out the lengthy and complicated history of this case. It argues that none of the contentions in the most recent motion states anything new or justifies reconsideration.

Petitioner's reply calls into question just what he raises, or continues to assert, in the motion for reconsideration that remains pending. Because Judge Titus' ruling and the pending motion must have "crossed in the mail," Petitioner may believe that Judge Titus' ruling actually denied the motion for

reconsideration. In any event, the reply clearly states that the only issue for which Petitioner seeks review is the one raised in the Certificate of Appealability now pending in the Fourth Circuit. (ECF No. 328, at 9). That issue is whether the Government sustained its burden to prove prior drug felony convictions necessary to enhance sentencing penalties under § 851. (ECF No. 309, at 4).

The Certificate of Appealability seeks to challenge sentencing under § 851 on the merits: "[T]his petitioner now seeks a Certificate of Appealability to make challenge of the fact that he is not and has not been proven to qualify for the 851's sentencing [e]nhancements as stated by the statute." (ECF No. 309, at 5). He goes on to challenge five prior convictions in the presentence report and again argues that the district court failed to conduct proper hearings. In the prior § 2255 proceedings, Petitioner had challenged the adequacy of the § 851 notice, and his attorneys' conduct in that regard, but had not directly challenged the prior convictions, or the nature of the hearings.[2]

Even if Petitioner has not withdrawn the additional arguments raised in his motion for reconsideration (ECF No. 308) to rely solely on the argument advanced in his Certificate of Appealability

---

[2] At sentencing, the Government produced certified copies of the prior convictions. (ECF No. 200, at 9-11). Its sentencing memorandum responded to Petitioner's objections to the notice and to the use of the prior convictions. (ECF No. 184).

(ECF No. 309), the arguments lack merit.  He presents nothing new with regard to the asserted failure of the Government to provide him with a copy of its response, his failure to overcome procedural default, or counsels' conduct concerning evidentiary objections.  Those grounds clearly provide no basis to reconsider.

As to the sentencing pursuant to § 851, the motion for reconsideration, beginning at page 32, challenges the adequacy of the hearing.  He asserts: "Mr. Lawlor was not prepared to challenge Bullette's prior state drug convictions.  The reason being, he is not licensed to practice Law in California and have no working knowledge of rules governing California convictions and challenges thereto."  (ECF No. 308, at 33-34).  Attached to the motion is Attachment B, which appears to be an internal office memorandum dated five days before the sentencing hearing outlining the sentencing issues.  (ECF No. 308-1, at 6-11).  The last two pages list the prior California convictions and state whether there are potential challenges to their use for enhancement purposes.

This material is not sufficient to justify reconsideration, either.  Petitioner did not challenge the substance of the prior convictions in his earlier § 2255 motion, instead focusing on the adequacy of the notice and the need to include the prior convictions in the indictment and prove them to the jury.  He complained about purported lack of advice from his attorneys about the § 851 notice and its effect on the potential sentence.  But he

6

never challenged the substance of the prior convictions (or whether he was the subject of those convictions) and did not even put forth any basis to challenge their use until the Certificate of Appealability filed in the Court of Appeals in December 2018. To the extent he seeks to assert that new challenge in his motion for reconsideration, it would constitute an impermissible successive motion.

## IV. Conclusion

For the foregoing reasons, the motion for reconsideration puts forth no basis for reopening these § 2255 proceedings, and the motion IS DENIED.


May 13, 2020                                    /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge